UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE KOPNICK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 C 3762 |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES OF ILLINOIS | ) | Honorable Charles R. Norgle |
| COMMUNITY COLLEGE DISTRICT | ) | |
| No. 508, a/k/a CITY COLLEGES | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court are Defendant's Motion to Enforce the Settlement Agreement, and Plaintiff's Motion to Repeal Settlement. For the following reasons, Defendant's Motion to Enforce the Settlement Agreement is granted, and Plaintiff's Motion to Repeal Settlement is denied.

**I. BACKGROUND**

Plaintiff Charlene Kopnick ("Kopnick"), a white female, was formerly employed as a part-time teacher at Malcolm X College, one of several colleges within Illinois Community College District No. 508. Following a dispute with African-American coworkers, Kopnick was placed on inactive status, but was offered alternative assignments at Malcolm X. Kopnick declined these alternative assignments, asserting that they were not suitable for her, and left Malcolm X. Kopnick, who was sixty-nine years old at the time of these events, filed suit under

1

Title VII, alleging sex, race, and age discrimination.

In responding to Defendant's motion for Summary Judgment, Kopnick admitted that her sex and age discrimination claims failed. Kopnick, however, asserted that genuine issues of material fact remained in connection with her race discrimination claim. The court agreed, and denied Defendant's Motion for Summary Judgment. See Opinion and Order of Sept. 9, 2005. At that point, the parties entered into settlement negotiations.

Kopnick was represented in these negotiations, and throughout most of these proceedings, by court-appointed counsel from the firm Dowd, Bloch, & Bennett. Kopnick's counsel during the settlement negotiations, attorneys Robert E. Bloch ("Bloch") and Ronald M. Willis ("Willis"), kept Kopnick apprised of the status of these negotiations during at least one face-to-face meeting, and several telephone conferences. Bloch and Willis advised Kopnick that, based upon their evaluation of the probability of success at trial and their calculation of Kopnick's damages, a monetary settlement would be in her best interest. On September 23, 2005, these attorneys obtained from Kopnick a written authorization to settle this matter on her behalf. This document states in part, "In the matter of *Charlene Kopnick v. Board of Trustees of the Illinois Community College District No. 508 a/k/a City Colleges of Chicago*, Case 04 C 3762, I authorize and direct my attorneys Dowd, Bloch & Bennett to settle the case for five thousand dollars ($5,000.00) or any sum above that amount." The letter is signed by Kopnick.

Then, on October 5, 2005, Defendant's attorney called Willis, and offered to settle this suit for $7,000. Defendant's attorney also faxed Willis a written settlement offer of $7,000. The next day, Willis faxed Defendant's attorney a letter which stated, "I am in receipt of your letter of October 5, 2005 and the offer therein contained. The undersigned pursuant to the authority

vested in him by the plaintiff hereby accepts on behalf of the plaintiff the offer of $7,000 in settlement of this case on the terms we discussed." The terms of this settlement were memorialized in a written Settlement and General Release Agreement ("the Agreement").

Kopnick, however, apparently changed her mind, indicating to Bloch and Willis that she no longer wished to settle this case. She then sent two ex parte letters to the court during October 2005, which accuse Bloch and Willis of unethically attempting to coerce her into agreeing to this settlement. Dowd, Bloch & Bennett then moved to withdraw as counsel for Kopnick, and the court granted the motion. The court emphasizes that there is no indication that attorneys Bloch and Willis acted unethically in this case, or did anything other than represent Kopnick professionally and competently.

Defendant then moved the court to enforce the Agreement. Kopnick, proceeding pro se, moved the court to repeal that Agreement, and sent Defendant various correspondences and billing statements detailing the work done by her former attorneys in pursuing settlement negotiations. Believing the attorney-client privilege between Kopnick and her former attorneys waived as to matters connected to settlement talks, Defendants served a subpoena on Willis, asking that various documents related to the settlement negotiations be produced. Bloch and Willis then moved the court for leave to file, for in camera inspection, the document Kopnick signed authorizing them to settle this case. The court granted that motion, and has inspected this document.[1]

---

[1] Because Kopnick, on her own initiative, sent these documents to Defendants, she cannot assert that documents related to settlement negotiations are protected by the attorney-client privilege. "'The client is the holder of the attorney-client privilege and once a client discloses confidences to a third party, the privilege is deemed waived.'" United States v. BDO Seidman, 368 F. Supp. 2d 858, 860 (N.D. Ill. 2005) (quoting Eagle Compressors, Inc. v. HEC Liquidating Corp., 206 F.R.D. 474, 477 (N.D. Ill. 2002)); see also United States v. Hamilton, 19 F.3d 350, 353 (7th Cir. 1994); Powers v. CTA, 890 F.2d 1355, 1359 (7th Cir. 1989).

## II. DISCUSSION

### A. Standard of Decision

It is settled law that agreements to settle are enforceable. Lyles v. Commercial Lovelace Motor Freight, Inc., 684 F.2d 501, 504 (7th Cir. 1982) ("Where a plaintiff knowingly and voluntarily agrees to settle his claims, he is bound by his agreement."). An enforceable settlement agreement need not be in writing. Glass v. Rock Island Refining Corp., 788 F.2d 450, 454 (7th Cir. 1986). Agreements to settle, whether or not they are in writing, are "enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or *authorized his attorney to settle the dispute*." (Emphasis added.) Id. "A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient . . . ." Id.

Quoting the New York Court of Appeals, the Seventh Circuit has indicated that an attorney cannot settle a case on behalf of a client "'without a grant of authority from the client.'" Sarkes Tarzian, Inc. v. U.S. Trust Co., 397 F.3d 577, 582 (7th Cir. 2005) (quoting Hallock v. State, 474 N.E. 2d 1178, 1181 (N.Y. 1984)). A client may grant an attorney this authority in one of two ways. He may grant actual authority to his attorney by objectively manifesting his consent to that authority. Id. at 583. Or, he may grant apparent authority to his attorney through some sort of words or conduct that would give rise to the appearance of authority. Id.

### B. Defendant's Motion to Enforce the Settlement; Plaintiff's Motion to Repeal the Settlement

In this case, matters are straightforward. Kopnick was kept apprised of settlement negotiations by her attorneys. In her affidavit, she acknowledges that, on September 23, 2005,

4

she signed a document relating to settlement. Defendant's former attorney has given this document to the court, and the court has inspected it. The court determines that this document does, in fact, objectively manifest Kopnick's intent to grant her former attorneys the actual authority to settle this case on her behalf. See Sarkes Tarzian, Inc., 397 F.3d at 583. After receiving actual authority from Kopnick to settle this matter, Kopnick's attorneys reached a Settlement Agreement with Defendants. This Agreement was memorialized in writing. Kopnick cannot now back out of this Agreement because she "believes the settlement insufficient." See Glass, 788 F.2d at 454. The court therefore determines that it will enforce this Settlement Agreement. See Lyles, 684 F.2d at 504.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Enforce the Settlement Agreement is granted, and Plaintiff's Motion to Repeal Settlement is denied.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: March 10, 2006